IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REBECCA GALLOGLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ATTORNEY GENERAL OF THE | § | |
| UNITED STATES; THE U.S. ATTORNEY'S | § | |
| OFFICE, WESTERN DISTRICT OF | § | |
| TEXAS – AUSTIN; THE U.S. | § | |
| DEPARTMENT OF HOUSING AND | § | 1:18-CV-571-RP |
| URBAN DEVELOPMENT; THE STATE OF | § | |
| TEXAS; TRAVIS COUNTY CRIMINAL | § | |
| COURT; TRAVIS COUNTY DISTRICT | § | |
| ATTORNEY'S OFFICE; THE CITY OF | § | |
| AUSTIN; CAPITAL AREA PRIVATE | § | |
| DEFENDER SERVICE; 2013 TRAVIS | § | |
| HEIGHTS, LP; EUREKA MULTIFAMILY | § | |
| GROUP; DOMINIUM APARTMENTS; | § | |
| MICHAEL BURKE, ATTORNEY, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Rebecca Gallogly's ("Gallogly") motion for relief from judgment. (Mot., Dkt. 19). Gallogly seeks a reversal of the Court's order dismissing her claims without prejudice, (Order, Dkt. 15), on grounds of "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief," (Mot., Dkt. 19, at 1–2 (citing Fed. R. Civ. P. 60(b)(1) & (6)). The Court finds that Gallogly is not entitled to relief from the Court's judgment.

First, Gallogly argues that she was "surprised" because the Order did not "articulate any understanding or recognition of Dr. Gallogly's *de novo* arguments in her objection to some of Magistrate Judge Lane's recommendations." (Mot., Dkt. 19, at 3 (citing "Legal Dictionary")). To the contrary, the Court expressly stated that it reviewed each of Gallogly's objections *de novo* in concluding that they were without merit. (Order, Dkt. 15, at 2).

Next, Gallogly argues that her due process rights were violated because she was not appointed counsel. (Mot., Dkt. 19, at 4). Not so: it is well-settled that there is no right to appointment of counsel in civil cases. *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018). As Judge Lane explained to Gallogly, appointment of counsel in such cases is a matter of the court's discretion. (*See* R. & R., Dkt. 11, at 23). He concluded, and the Court agrees, that Gallogly should not be appointed counsel in this case. (*See id.*). The circumstances under which a litigant is entitled to counsel are limited, *Lee v. Postal Servs.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995), and Gallogly "has shown herself able to sufficiently articulate her claims and represent herself in this lawsuit," (R. & R., Dkt. 11, at 23). That Gallogly "was not articulate enough to state any actionable claims in her initial complaint," (Mot., Dkt. 19, at 4), does not bear on her *ability* to represent herself, and in any event, it does not follow that Gallogly is "inarticulate" merely because she failed to state a claim for which relief could be granted.[1]

Gallogly further argues that the Court made a mistake in dismissing her claims because the dismissal is evidence that her complaint was not liberally construed. (*Id.* at 5). Just because the Court dismissed Gallogly's claims does not mean that her claims were not liberally construed. The Court agreed with Judge Lane that Gallogly's claims, even liberally construed, failed to state a cause of action or were based on "indisputably meritless legal theories." (R. & R., Dkt. 11, at 22). The Court affirms that conclusion here; all of Gallogly's claims are meritless.[2]

---

[1] Gallogly also argues that her due process rights are violated because, she speculates, "many actionable claims" do not come to fruition due to "[t]he intimidation of potentially adversarial interactions with people possessing power and expertise beyond that of a *pro se* litigant" in the adversarial process. (Mot., Dkt. 4, at 7). She cites no authority for this proposition, and the Court is aware of none. The Court is unpersuaded by this speculative argument.

[2] Gallogly's remaining claims in the instant motion are also meritless. She claims that the fact that she is expected "to continue applying for jobs in lieu of receiving interim monetary relief" "constitute[s] torture under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment [("CAT")]"; this claim is completely meritless, even liberally construed. (Mot., Dkt. 19, at 6). So is her claim that the same expectation of applying for jobs constitutes a violation of the International Covenant on Civil and Political Rights. (*Id.* at 7). Gallogly offers no explanation that these international treaties apply to her or her "conditioned aversion" to applying for jobs, manifesting as "elevated heart rate, crying, and severe psychological distress." (*Id.* at 5). The Court is aware of no authority supporting Gallogly's claims.

Accordingly, the Court finds that Gallogly has not shown that she is entitled to relief under Rule 60(b). **IT IS THEREFORE ORDERED** that Gallogly's motion for relief from judgment, (Dkt. 19), is **DENIED**.

**SIGNED** on June 21, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE