RECEIVED
SEP 1 8 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY CLERK

FILED
SEP 18 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Dr. Rebecca Gallogly, § § Plaintiff, § § v. § § The United States of America § U.S. Attorney's Office, § Western District of Texas - Austin § The U.S. Department of Housing and § Urban Development § The Environmental Protection Agency § The State of Texas § Travis County Criminal Court § Travis County District Attorney's Office § The City of Austin § Capital Area Private Defender Service § 2013 Travis Heights LP § Eureka Multifamily Group § Dominium Apartments § Michael Burke, Attorney § § Defendants. § | CASE NUMBER: **A18CV0571**<sup>RP</sup> |

### MOTION TO DISQUALIFY AND ELECTRONICALLY FILE

TO THE HONORABLE MEMBERS OF THE UNITED STATES DISTRICT COURT:

Comes now, Dr. Rebecca Gallogly, Plaintiff in the above-styled and numbered case, and respectfully submits this Motion to Disqualify Judge Robert Pitman from deliberating any future filed papers or pleadings for this case. Insomuch, Dr. Gallogly shows the following:

**I.    GROUNDS FOR REQUESTED RELIEF**

Dr. Gallogly submits this motion pursuant to 28 USC § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

1

## II. RELIEF SOUGHT

Dr. Gallogly seeks to have Judge Pitman disqualify himself and not review any further papers or pleadings she files with the court.

Dr. Gallogly seeks to have another district judge from the Western District of Texas appointed to this case.

Dr. Gallogly seeks from The Court approval to electronically file by way of *Federal Rules of Civil Procedure (FRCP)* Rule 5(d)(3)(B)(i): *Electronic Filing and Signing...*By an Unrepresented Person—When Allowed or Required. A person not represented by an attorney...may file electronically only if allowed by court order or by local rule..."

## III. LEGAL ARGUMENT

### Disqualification

Magistrate Judge Lane's arguments in his Report and Recommendations, (Dkt. 11), are the basis for erroneous, adverse final judgment to Dr. Gallogly for this case. In her Objection (Dkt. 14) to said Report, Dr. Gallogly articulated some compelling arguments at length contesting several specious statements in the Report. Judge Pitman then promulgated an Order (Dkt. 15) along with Final Judgment (Dkt. 16) to Dr. Gallogly's detriment. In the Order, Judge Pitman adopted all of the Report's recommendations, completely failed to articulate in any way whatsoever why Dr. Gallogly's arguments in her Objection were insufficient, and instead only claimed he had reviewed the Report and Recommendations *de novo*. Judge Pitman merely stated, "Having...[reviewed the report and recommendation *de novo*], the Court overrules Gallogly's objections and adopts the report and recommendation as its own order." Having articulated nothing specific about Gallogly's *de novo* Objection leaves open the question of whether Judge Pitman only carefully reviewed the Magistrate Judge's Report, and not Dr. Gallogly's Objections

2

to said Report. Importantly, whether or not Judge Pitman did or did not review Dr. Gallogly's Objection in its entirety, Judge Pitman's Order (Dkt. 15) and, therefore, Final Judgment (Dkt. 16) based on that Order (Dkt. 15), were based on logical fallacies and a specious Report, and as such resulted in a violation of Dr. Gallogly's substantive due process rights.

Dr. Gallogly then challenged Judge Pitman's Order (Dkt. 15) through a Motion for Relief from Judgment, (Dkt. 19), stating Judge Pitman's Order failed to "...articulate any understanding or recognition of Dr. Gallogly's *de novo* arguments in her objection to some of Magistrate Judge Lane's recommendations." Judge Pitman denied the new motion (Dkt. 19) through another Order entered on June 21, 2019 (Dkt. 20). This new Order asserted the following:

...Gallogly argues she was "surprised" because the Order did not "articulate any understanding or recognition of Dr. Gallogly's *de novo* arguments in her objection to some of Magistrate Judge Lane's recommendations." To the contrary, the Court expressly stated that it reviewed each of Gallogly's objections *de novo* in concluding that they were without merit.

This is an inaccurate characterization of what was in Jude Pitman's previous Order (Dkt. 15). Judge Pitman did not expressly state that the Court reviewed each of Gallogly's objections *de novo*. It only stated, "...the Court reviews the *report and recommendation* (itl. added) [from the Magistrate Judge] *de novo*." (Dkt. 15). In ascertaining whether Dr. Gallogly's Objections "...responded to each portion of the report and recommendation....," (Dkt. 15), Judge Pitman could have simply looked at the subheadings in Dr. Gallogly's Objections to ascertain that she contested arguments in the Report, without reading the actual arguments themselves. Without articulation as to the specific meritless nature of Dr. Gallogly's claims as related to her Objections (Dkt. 14), about which the Report (Dkt. 11) contains several inaccuracies, Judge Pitman engaged in nebulous tautology, a second time, in this his second Order (Dkt. 20) on the same matter. Judge Pitman goes on to further engage in nebulous tautology a third time yet again in the same Order (Dkt. 20): "The Court agreed with Judge Lane that Gallogly's claims, even

3

liberally construed, failed to state a cause of action or were based on 'indisputably meritless legal theories.'"

In neither of Judge Pitman's orders did he state how on Earth, for example, articulated Sixth Amendment rights violations, some of which would be easily ascertained simply by reviewing the relevant criminal case file, could possibly be construed as meritless. Instead, Judge Pitman just repeatedly denied Dr. Gallogly substantive due process with phrases that essentially say the equivalent of "...because I / we said so," devoid of any legal analysis whatsoever. This is tautological. In the complete absence of information and articulation on behalf of Judge Pitman, one of the only two conclusions Dr. Gallogly can conjure for the cause of this behavior by Judge Pitman, is some sort of prejudicial bias towards Dr. Gallogly. As such, Dr. Gallogly requests Judge Pitman remove himself from this case.

Tautology is a form of circular reasoning, which is a type of logical fallacy. Tautology occurs wherein a repetitive or definitional rather than causative answer is provided for a question regarding causality, and is therefore not an answer at all. For example, if I say, "I'm going to go to the grocery store," and my friend asks, "Why?", it would be tautological for me to say "...because I am going to the store where they sell groceries." A logically coherent answer would be, "...because I need to buy paper towels to clean up the mess my pit bull made on my floor."

"Because I am going to the store where they sell groceries," while a fragmented sentence, is not an inherently tautological answer. It is only tautological to the question, "Why are you going to the grocery store?" The same answer would be lacking in tautology to the question, "Why are you making a list right now, in the middle of our discussion about whether Johnny should go to public or private school?" An even better, more thoroughly logical answer to this new question would be, "I am going to the grocery store before it closes to get the missing ingredient you need

4

to make your special recipe for tonight." Lack of provision of rational, logical, thorough explanations in legal pleadings from judges, and promulgation of logical fallacies in their stead, confer a substantive lack of due process, and are therefore illegal, unethical, and forms of judicial misconduct.

Another type of logical fallacy involves the fallacious appeal to authority. Without further articulation, Judge Pitman demands the public to rely solely on his authority in his following statement:

> First, Gallogly argues that she was "surprised" because the Order did not "articulate any understanding or recognition of Dr. Gallogly's *de novo* arguments in her objection to some of Magistrate Judge Lane's recommendations." (Mot., Dkt. 19, at 3 (citing "Legal Dictionary")). To the contrary, the Court expressly stated that it reviewed each of Gallogly's objections *de novo* in concluding that they were without merit. (Order, Dkt. 15, at 2).

Here, Judge Pitman expects both the public and Dr. Gallogly to rely on Judge Pitman's conclusions presumably on the basis of his judicial expertise, in spite of the fact that he adopted some of the illogical arguments set forth by Magistrate Judge Lane in the Report and Recommendations – the very report to which Dr. Gallogly objected. That is, Judge Pitman claims that he reviewed Dr. Gallogly's objections, at which point some sort of mental processing to which we are entirely lacking in privy to in process occurred, and the output is that these unspecified objections are all meritless on no basis other than a judge says he engaged in the mental processing of them. This is a flagrant violation of Dr. Gallogly's right to substantive due process.

As for the discussion of merit, Dr. Gallogly's claims are only required to be colorable. The Wex Legal Dictionary definition of a colorable claim, is "a plausible legal claim":

> In other words, a claim strong enough to have a reasonable chance of being valid if the legal basis is generally correct and the facts can be proven in court. The claim need not actually result in a win.

In order for Judge Pitman to assert Dr. Gallogly's claims are meritless, a specific argument must be formulated that is not based on inaccurate statements such as some of those from the Magistrate Judge's Report. Further, some specific and accurate characterization of Dr. Gallogly's claims must be articulated to show they are meritless.

In the event that not all of Dr. Gallogly's claims are colorable, she still strongly avers some claims are colorable, and with appropriate counsel appointment, those as yet technically uncolorable can be made colorable. A case should not be dismissed if only some claims are colorable. A non-attorney *pro se* litigant's case must be liberally construed. Just because Judge Pitman states that he construed Dr. Gallogly's claims liberally, and they are still meritless, does not prove anything about in what way he specifically construed her claims liberally, and even in that light in what manner they are all meritless. Judge Pitman is obliged to offer a reasonable, articulate, logical explanation for *how* he liberally construed Dr. Gallogly's claims, and, as such, *why* he finds all of her claims meritless, to afford her substantive due process. Judges are not beyond reproach and make mistakes regularly. Without explanation, Dr. Gallogly has no information upon which to base whether an order promulgates accurate and just repose for a matter, and if not, she has no information upon which to contest an inaccurate decision.

In light of Judge Pitman's repeated refusal and failure to articulate his opinion and form specific and detailed legal analyses based on logic and precedent against Dr. Gallogly's Objection (Dkt. 14) and Motion for Relief (Dkt. 19), Dr. Gallogly is left to speculate why on Earth Judge Pitman is engaging in such fallacious arguments without articulation. The only other rational conclusion Dr. Gallogly can conjure in this day and age aside from prejudicial bias, is that Judge Pitman is not a natural person and is instead a form of artificial intelligence, or relying exceedingly heavily thereupon, without reviewing for accuracy said analyses on his own. It

would explain why Dr. Gallogly was found to be articulate and therefore capable of representing herself in this case, despite the fact that the Court repeatedly asserts Dr. Gallogly presented no legally viable claims. Clearly, based on the rational pragmatism of substantive due process, for substantive due process to be met, Dr. Gallogly must be *legally* articulate. Simply being articulate is not sufficient in the realm of capable self-representation, and as we have clearly seen so far in this case, is not sufficient to afford substantive due process.

If the Court and / or Judge Pitman are relying heavily or exclusively on artificial intelligence to devise reports and orders to the detriment of Dr. Gallogly's substantive and procedural due process rights, then they are violating international law based on people's right to freedom from experimentation. In this event, Dr. Gallogly demands that the practice of relying on *any* artificial intelligence for generating legal arguments that are irrational and illogical to the detriment of Dr. Gallogly's substantive due process, stop immediately.

**Electronic Filing**

Judge Pitman denied Dr. Gallogly's Motion to Electronically File on June 21, 2019, on the basis that the case is closed and there were no pending motions for it. Clearly, Dr. Gallogly can potentially continue to submit motions for this case *ad infinitum* based on *FRCP* Rule 60(b)(6), which states relief may be sought for "any other reason that justifies relief," along with the notable absence of a time limitation for this subpart in *FRCP* Rule 60(c)(1). Judge Pitman is not a mind reader or a prognosticator and as such cannot know what foreseeable future pleadings Dr. Gallogly may conjure in this light. Neither is Dr. Gallogly a prognosticator; as such, she cannot know what foreseeable relevant pleadings she may find it necessary to enter onto the docket at any given time for this case. Therefore, there is pragmatic cause for allowing Dr. Gallogly to electronically file.

Dr. Gallogly does know of one pleading that needs to be entered into the docket now. Dr. Gallogly discovered a misnomer for one defendant and as such needs to submit a motion to rename that defendant in district court, given that the Fifth Circuit rejected Dr. Gallogly's motion therefor on the grounds that the Fifth Circuit must name the defendants as those names are reflected in the initial complaint from the district court.

Dr. Gallogly has a second, current, potential pleading to enter into district court for this case. Specifically, the district court previously agreed to an amended version of Dr. Gallogly's complaint. In the event Dr. Gallogly finds she has the time, and emotional and mental fortitude to submit such an amended complaint with a Motion to Reconsider, electronic filing would be the only cost-viable manner for which she could do so.

Clearly, granting Dr. Gallogly e-filing privileges with the Western District of Texas is resoundingly necessary in order to afford Dr. Gallogly her procedural due process rights. The Court's recent denial of her e-file motion also violated her equal protection of access to the court compared with litigants possessing the financial means to retain an attorney with electronic filing privileges.

Having engaged the United States Fifth Circuit Court of Appeals regarding this matter, Dr. Gallogly now possesses a Public Access to Court Electronic Records (PACER) account with filing privileges. As such, Dr. Gallogly also now has experience in successfully drafting motions and other papers through PACER. Therefore, Dr. Gallogly knows the rules for using PACER.

This suit was originally filed in Summer 2018, and it is not even served yet. If Dr. Gallogly does not receive a respectful, reasonable, rational, articulated, logical and therefore legal and ethical response to this motion, she will consider Judge Pitman to be engaging in a pattern of "conduct prejudicial to the effective and expeditious administration of the business of the courts"

and, as such, send a complaint pursuant to the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364.

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks the aforementioned relief and for any further relief in connection therewith that is proper.

SIGNED September 17, 2019

Signature of Plaintiff
Rebecca H. Gallogly
2301 Durwood Street, Suite 3408
Austin, TX 78704
512-663-4396

GALLOGLY
2301 DURWOOD ST.
STE 348
AUSTIN, TX 78704

7870133812 CC06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
CLERK'S OFFICE
501 W 5TH ST, #1100
AUSTIN, TX 78701

AUSTIN TX 787
17 SEP PM 2019